UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOHN JOSEPH SEKA, | ) | |
| Petitioner, | ) | 3:05-cv-0409-HDM-VPC |
| vs. | ) | |
| | ) | **ORDER** |
| E.K. McDANIEL, *et al.*, | ) | |
| Respondents. | ) | |

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by John Seka, a Nevada prisoner represented by counsel. Pending before the Court are respondents' motion to dismiss (Docket #37), petitioner's response (Docket #41), and respondents' reply (Docket #42).

**I.  Procedural History**

Petitioner was charged in a four count information on June 30, 1999, with two counts of Murder with the Use of a Deadly Weapon and two counts of Robbery with the Use of a Deadly Weapon. (Exhibit 4).[1]  A preliminary hearing was held on June 28, 1999. (Exhibit 3).  On July 26, 1999, the State filed a Notice of Intent to Seek the Death Penalty. (Exhibit 5).  A pretrial petition for

---

[1] The exhibits referenced in this Order were provided by petitioner, through counsel, in support of the Amended Petition. The exhibits are found in the Court's record at Docket #23 through #32.

a writ of habeas corpus was filed on September 22, 1999, alleging that there was insufficient evidence for petitioner to stand trial. (Exhibit 7). The petition was denied on November 29, 1999. (Exhibit 13).

A jury trial commenced on February 12, 2001, and continued through February 22, 2001. (Exhibits 21-39). The jury issued a verdict on March 1, 2001, finding petitioner guilty of Murder with the Use of a Deadly Weapon on Count I, Second Degree Murder with Use of a Deadly Weapon on Count II, and guilty of Robbery on Counts III and IV. (Exhibit 41). The jury deadlocked on deciding a sentence and a stipulation was filed allowing for a sentence without parole to be imposed by the trial judge. (Exhibit 43). Sentencing was held on April 26, 2001. (Exhibit 45). Petitioner was sentenced to the following: On Count I, life without the possibility of parole, plus a consecutive life without the possibility of parole for use of a deadly weapon; on Count II, life with the possibility of parole plus an equal and consecutive life with the possibility of parole for use of a deadly weapon; on Count III, 156 months consecutive to Count II; and on Count IV, 156 months consecutive to Count III. The judgment reflecting this sentence was filed on May 9, 2001. (Exhibit 46).

Petitioner filed a notice of appeal on May 15, 2001. (Exhibit 47). The Nevada Supreme Court entered an order of affirmance on April 8, 2003. (Exhibit 54). Remittitur issued on May 14, 2003. (Exhibit 55).

Petitioner filed a state post-conviction habeas petition on February 13, 2004. (Exhibit 57). A hearing was held on November 5, 2004, with petitioner representing himself. (Exhibit 63). On January 31, 2005, the state district court entered an order denying the state habeas petition. (Exhibit 64).

On February 9, 2005, petitioner filed a notice of appeal from the denial of the state habeas petition. (Exhibit 67). The Nevada Supreme Court filed an order of affirmance on June 8, 2005. (Exhibit 71). Remittitur issued on July 22, 2005. (Exhibit 72).

Petitioner mailed his federal habeas petition on July 14, 2005. (Docket #4). This

Court appointed the Federal Public Defender to represent petitioner on July 22, 2005.  (Docket #3). On May 18, 2007, an amended petition was filed.  (Docket #22).  Petitioner makes the following claims in the amended petition (Docket #22):

>(1) In violation of the Fifth, Sixth, and Fourteenth Amendments, the trial court abused its discretion when it instructed the jury that evidence of the petitioner's flight to Pennsylvania could be considered in deciding his guilt.

>(2) In violation of the Fifth, Sixth, and Fourteenth Amendments, the trial court lacked territorial jurisdiction to try petitioner for the murder of Limanni where the body was found in California and there was no evidence that the crimes of murder and robbery, or any part, were committed in Nevada.

>(3) In violation of the Fifth and Fourteenth Amendments, the trial court's joinder of the murder counts and the robbery counts violated petitioner's right to a fair trial.

>(4) In violation of the Fifth and Fourteenth Amendments, the State adduced insufficient evidence to convict petitioner of murder and robbery, where the evidence was circumstantial.

>(5) In violation of the Fifth and Fourteenth Amendments, the State failed to preserve blood samples where the State's testing exhausted the samples.

>(6) In violation of the Fifth, Sixth, and Fourteenth Amendments, the reasonable doubt instruction improperly minimized the State's burden of proof at trial.

>(7) In violation of the Fifth, Sixth, and Fourteenth Amendments, the trial court erred in instructing the jury that the verdict need not be unanimous concerning the theory of murder as long as all jurors believed that murder had been proved.

>(8) In violation of the Fifth, Sixth, and Fourteenth Amendments, the trial court erred in instructing the jury on malice in a manner that allowed it to presume malice without proof beyond a reasonable doubt.

>(9) In violation of the Fifth, Sixth, and Fourteenth Amendments, the instruction defining premeditation improperly minimized the State's burden of proof.

>(10) In violation of the Fifth and Fourteenth Amendments, the prosecutor committed misconduct during closing argument by arguing facts not in evidence and by vouching for a witness.

>(11) In violation of the Sixth and Fourteenth Amendments, trial counsel rendered ineffective assistance by:

3

       a. trial counsel's failure to adequately investigate witness Cramer's psychological and drug history;

       b. trial counsel's failure to retain a psychological expert to testify regarding the drugs Cramer was taking;

       c. trial counsel's failure to adequately investigate and interview witnesses Justin Nguyen, Marilyn Mignone, Amir Mohammed, and Ken Bates;

       d. trial counsel's failure to retain a forensic pathologist to testify to the time of death of victim Limanni

       e. trial counsel's failure to obtain phone and bank records of victim Limanni and his business

(12) In violation of the Sixth and Fourteenth Amendments, appellate counsel rendered ineffective assistance by:

       a. failure to submit the direct appeal claims as constitutional claims;

       b. failure to raise the issue of the trial court's erroneous instructions pertaining to reasonable doubt, unanimous verdict, malice aforethought, and premeditation;

       c. failure to raise the issue of prosecutorial misconduct.

(13) Petitioner is entitled to relief due to cumulative error.

## II.   Discussion

Respondents seek to dismiss certain claims of the amended petition on the ground of procedural default. Respondents argue that grounds 1, 2, 3, 6, 7, 8, 9, and 10 of the federal habeas petition were procedurally defaulted in state court.

### A.   General Principles of Procedural Default

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003)..

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

**B.   There was Procedural Default in State Court**

In his state habeas petition, petitioner raised two claims of ineffective assistance of

1  appellate counsel, claims 3 and 11 of the state petition, in which petitioner claimed: that appellate
2  counsel was ineffective because he was also the trial counsel, creating a conflict of interest; that
3  appellate counsel failed to argue that the State did not disclose *Brady* material; that appellate counsel
4  failed to argue that the district court gave erroneous instructions regarding lesser included offenses;
5  that appellate counsel failed to argue that the district court's instructions on malice, express malice,
6  deliberation and premeditation lowered the State's burden; that appellate counsel failed to argue that
7  the district court erred in given instruction 14 regarding unanimity; that appellate counsel failed to
8  argue that the police failed to adequately investigate the crimes; that appellate counsel failed to argue
9  that he prosecutor committed misconduct; and that appellate counsel failed to "federalize" the direct
10 appeal claims. (Nevada Supreme Court's Order of Affirmance, Exhibit 71, at pp. 6-12).

11        The Nevada Supreme Court considered and rejected petitioner's claims of ineffective
12 assistance of appellate counsel. (Exhibit 71). The Nevada Supreme Court further noted as follows:
13 "To the extent that Seka raised any of these claims outside of the context of his ineffective assistance
14 of appellate counsel claims, we conclude that Seka failed to demonstrate good cause for his failure to
15 raise these claims in his direct appeal and they are waived. See NRS 34.810(1)(b)(2)." (Exhibit 71,
16 at p. 6, n.9). In his opposition, petitioner argues that the Nevada Supreme Court failed to specify the
17 claims it considered waived due to the failure to present them on direct appeal. Petitioner's
18 ineffective assistance of appellate counsel were contained in Grounds 3 and 11 of the state petition,
19 and concerned two sets of claims: those that were presented as the "federalized" versions of the state
20 law direct appeal claims (which correspond to Grounds 1, 2, and 3 of the federal petition) and those
21 that were presented in the state petition for the first time as substantive claims of trial error, which
22 should have been presented in the direct appeal to avoid default (which correspond to Grounds 6, 7,
23 8, 9, and 10 of the federal petition). It is clear that the Nevada Supreme Court held that each of these
24 attempts to present new derivative substantive claims relating to alleged instances of ineffective
25 assistance of appellate counsel, but outside the context of petitioner's ineffective assistance claims,
26 would not be considered because of the bar of NRS 34.810. Comparing the issues that the Nevada

6

Supreme Court found to be procedurally defaulted with the grounds raised in petitioner's Amended Federal Petition, it is clear that Grounds 1, 2, 3, 6, 7, 8, 9, and 10 were identified by the Nevada Supreme Court as being waived under NRS 34.810, because they could have been raised on direct appeal but were not.

### C. The Procedural Default was an Independent and Adequate Ground for the Nevada Supreme Court's Disposition of Petitioner's Claims

"In order to constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994).

Petitioner argues that the Nevada Supreme Court's application of NRS 34.810 was not adequate and independent to preclude review of the defaulted claims. (Petitioner's Response to Motion to Dismiss, at Docket #41, p. 5-8).

The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case -- NRS 34.810 -- is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003) (holding that the procedural bar of NRS 34.810 is adequate state ground to bar federal review in non-capital cases); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999) ("Thus, Nevada follows a strict rule: A petitioner must raise all claims in his first habeas petition in order to avoid the penalty of procedural default."), *cert. denied*, 529 U.S. 1073 (2000); *see also Petrocelli v. Angelone*, 248 F.3d 877, 886 (9th Cir. 2001) (distinguishing capital and non-capital cases); *Valerio v. Crawford*, 306 F.3d 742 (9th Cir. 2002) (same); cf. *Pellegrini v. State,* 117 Nev. 860, 887, 34 P.3d 519, 536 (2001).

As stated earlier in this Order, the Nevada Supreme Court was clear in specifying the claims it considered waived under NRS 34.810, due to petitioner's failure to raise such claims on direct appeal. That is, the Nevada Supreme Court referred to the non-*Strickland* substantive claims of Grounds 3 and 11 in the state habeas petition, which correspond to Grounds 1, 2, 3, 6, 7, 8, 9, and 10 of the federal petition. Moreover, the Nevada Supreme Court's determination that these grounds were waived was expressly premised on NRS 34.810, and was not interwoven with federal law.

1  This Court finds that the Nevada Supreme Court's holding that certain claims in petitioner's state
2  habeas petition were procedurally barred under NRS 34.810 was an independent and adequate
3  ground for the court's dismissal of that portion of the state habeas petition, which are repeated in
4  Grounds 1, 2, 3, 6, 7, 8, 9, and 10 of the first amended federal petition.

**D.      Analysis of Petitioner's Arguments Regarding Cause and Prejudice**

The procedural default in this case occurred when the state court rejected petitioner's claims presented for the first time in his state habeas corpus petition. That rejection was based on the state court's application of NRS 34.810, upon its determination that the claims could have be raised in petitioner's direct appeal.

To overcome a procedural default, a petitioner must establish either (1) "cause for the default and prejudice attributable thereto," or (2) "that failure to consider [his defaulted] claim[s] will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted). Petitioner argues that there was cause and prejudice for his procedural default.

Cause to excuse a procedural default exists if a petitioner can demonstrate that some objective factor external to the defense impeded the petitioner's efforts to comply with the state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991); *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998).

Petitioner argues that attorney error amounting to ineffective assistance of counsel, specifically, the failure to raise the defaulted claims on direct appeal, was the cause of petitioner's procedural default. (Docket #41, at pp. 8-9).

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that he suffered actual prejudice as a result. *See Strickland v. Washington,* 466 U.S. 668, 687-90 (1984). Petitioner's claim of ineffective assistance of appellate counsel is conclusory. Petitioner has failed to demonstrate that appellate counsel's performance was deficient.

To establish prejudice based on the deficient assistance of appellate counsel,

petitioner must show that the omitted issue would have a reasonable probability of success on appeal. *Duhamel v. Collins*, 955 F.2d 962, 967 (5th Cir.1992); *Heath v. Jones*, 941 F.2d 1126, 1132 (11th Cir. 1991). Petitioner has not shown that the omitted claims had a reasonable probability of success on the merits. Petitioner cannot meet the standard for a showing of ineffective assistance of counsel. Petitioner also has not shown prejudice to excuse the procedural default. Petitioner has not shown that the omitted claims would, in fact, have been meritorious, thus, he has not shown the prejudice to overcome the procedural default of Grounds 1, 2, 3, 6, 7, 8, 9, and 10 of the first amended federal petition. *See Coleman v. Thompson*, 501 U.S. at 755.

### III.   Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #37) is **GRANTED.**

**IT IS FURTHER ORDERED** that Grounds 1, 2, 3, 6, 7, 8, 9, and 10 are **DISMISSED WITH PREJUDICE** on grounds of procedural default.

**IT IS FURTHER ORDERED** that respondents shall have **thirty (30) days** from the date of entry of this Order to file their Answer to the remaining grounds (Grounds 4, 5, 11, 12, and 13) of the Amended Petition.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** after the filing of the Answer to file a Reply.

DATED this 20th day of February, 2008.

Howard D McKibben
UNITED STATES DISTRICT JUDGE