# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOHN JOSEPH SEKA, ) | |
| ) | |
| Petitioner, ) | 3:05-cv-0409-HDM-VPC |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| E.K. McDANIEL, *et al.*, ) | |
| ) | |
| Respondents. ) | |

This closed action is a petition for a writ of habeas corpus, filed pursuant 28 U.S.C. § 2254, by a Nevada state prisoner. Petitioner was represented by counsel in this action. By order filed August 26, 2008, this Court entered an order denying the petition in its entirety. (ECF No. 55). Judgment was entered on August 26, 2008. (ECF No. 56). Petitioner appealed. (ECF No. 57). The Court of Appeals for the Ninth Circuit granted a certificate of appealability on certain issues. (ECF No. 62). The matter was briefed, and on September 14, 2011, the Court of Appeals entered an order affirming this Court's denial of the petition. (ECF No. 67). The Court of Appeals issued its mandate on November 1, 2011. (ECF No. 69). Petitioner's writ for a petition of certiorari to the United States Supreme Court was denied March 5, 2012. (ECF No. 71).

On September 4, 2012, petitioner filed a motion for reconsideration under Rule 60 of the

Federal Rules of Civil Procedure. (ECF No. 73). Within that motion, plaintiff seeks the appointment of counsel (ECF Nos. 72 & 73). Respondents oppose petitioner's motion. (ECF No. 74).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A motion under Rule 60(b) must be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Moreover, relief based on mistake, newly discovered evidence, or fraud must be sought within one year of final judgment. Fed. R. Civ. P. 60(c)(1). Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).

In the instant case, on August 26, 2008, this Court properly entered an order denying the habeas petition. (ECF No. 55). On September 14, 2011, the Ninth Circuit Court of Appeals affirmed this Court's denial of the habeas petition. (ECF No. 67). In his motion for reconsideration, petitioner has not identified any mistake, intervening change in controlling law, or other factor to support his motion for reconsideration. Petitioner's motion for reconsideration is denied.

Additionally, petitioner's motion for counsel is denied. This Court appointed counsel to represent petitioner in these habeas proceedings. Petitioner also had counsel on appeal. At this juncture, plaintiff's motion for counsel is wholly frivolous and is denied.

1	**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF No. 73)
2	is **DENIED.**
3	**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF
4	No. 72) is **DENIED.**
5	**IT IS FURTHER ORDERED** that petitioner's application to proceed *in forma pauperis*
6	(ECF No. 75) is **DENIED.**
7	**IT IS FURTHER ORDERED** that petitioner's motion for a ruling (ECF No. 76) is
8	**DENIED as moot.**
9	**IT IS FURTHER ORDERED** that petitioner shall file no further documents in this closed
10	action.
11	Dated this 14th day of November, 2012.

*/s/ Howard D. McKibben*
UNITED STATES DISTRICT JUDGE