# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN JOSEPH SEKA, ) | |
| ) | |
| Petitioner, ) | 3:05-cv-00409-HDM-VPC |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| E.K. McDANIEL, *et al.*, ) | |
| ) | |
| Respondents. ) | |

This closed action is a petition for a writ of habeas corpus, filed pursuant 28 U.S.C. § 2254, by a Nevada state prisoner. Petitioner was represented by counsel in this action. By order filed August 26, 2008, this Court entered an order denying the petition in its entirety. (ECF No. 55). Judgment was entered on August 26, 2008. (ECF No. 56). Petitioner appealed. (ECF No. 57). On September 14, 2011, the Court of Appeals entered a memorandum opinion affirming this Court's denial of the habeas petition. (ECF No. 67). The Court of Appeals issued its mandate on November 1, 2011. (ECF No. 69). Petitioner's writ for a petition of certiorari to the United States Supreme Court was denied March 5, 2012. (ECF No. 71).

On September 4, 2012, petitioner filed a motion for reconsideration under Rule 60 of the Federal Rules of Civil Procedure. (ECF No. 73). Within that motion, plaintiff sought the

appointment of counsel (ECF Nos. 72 & 73). Petitioner also filed a motion to proceed *in forma pauperis*, and an order asking the Court for a ruling on his motions. (ECF Nos. 75 & 76). By order filed November 14, 2012, this Court denied petitioner's motion for reconsideration, his motion for the appointment of counsel, his motion to proceed *in forma pauperis*, and his motion for a ruling. (ECF No. 78). On November 30, 2012, petitioner filed a notice of appeal of the Court's order entered on November 14, 2012. (ECF No. 79).

This Court construes petitioner's November 30, 2012 notice of appeal as a motion for a certificate of appealability. (ECF No. 79). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

In the present case, this Court has denied petitioner's recent motion for reconsideration of a ruling dismissing the petition which has been upheld by the United States Court of Appeals for the Ninth Circuit and for which the United States Supreme Court has denied a petition for a writ of certiorari. (ECF No. 78; *see also* ECF Nos. 55, 56, 67, 71). In that same order, this Court denied petitioner's motion for the appointment of counsel, motion to proceed *in forma pauperis*, and motion for a ruling. (ECF No. 78). The denial of petitioner's motions were appropriate, as this habeas corpus matter has been resolved in respondents' favor on appeal. No reasonable jurist could conclude that this Court's order of November 14, 2012 was in error. Petitioner is not entitled to a

1 certificate of appealability.

2 **IT IS THEREFORE ORDERED** that petitioner's motion for a certificate of appealability (ECF No. 79) is **DENIED**.

4 **IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this order to the United States Court of Appeals for the Ninth Circuit.

6 Dated this 9th day of January, 2013.

*Howard D. McKibben*
_____
UNITED STATES DISTRICT JUDGE

3